Michael A. Schwartz (admitted *pro hac vice*)
E-mail: schwarma@pepperlaw.com
Erin Colleran (admitted *pro hac vice*)
E-mail: collerane@pepperlaw.com
**PEPPER HAMILTON LLP**
Two Logan Square
Philadelphia, PA 19103-2799
Telephone: (215) 981-4494
Fax: (215) 981-4750

Jeffrey M. Goldman (SBN 233840)
E-mail: goldmanj@pepperlaw.com
**PEPPER HAMILTON LLP**
4 Park Plaza, Suite 1200
Irvine, CA 92614-2524
Telephone: (949) 567-3547
Fax: (866) 728-3537

Attorneys for Defendants
Janssen Pharmaceutica, N.V.,
Janssen Pharmaceuticals, Inc.,
Janssen Research & Development, LLC,
Johnson & Johnson, and Ortho-McNeil

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA and THE STATES OF ARKANSAS, CALIFORNIA, COLORADO, CONNECTICUT, DELAWARE, FLORIDA, GEORGIA, HAWAII, ILLINOIS, INDIANA, IOWA, LOUISIANA, MARYLAND, MASSACHUSETTS, MICHIGAN, MINNESOTA, MISSOURI, MONTANA, NEVADA, NEW JERSEY, NEW MEXICO, NEW YORK, NORTH CAROLINA, OKLAHOMA, RHODE ISLAND, TENNESSEE, VERMONT, VIRGINIA, WASHINGTON AND THE DISTRICT OF COLUMBIA** *ex rel.* **JANE DOE, an individual,**<br><br>Plaintiffs,<br>v. | No.: 2:16-CV-06997-RGK-RAO<br><br>**DEFENDANTS JANSSEN PHARMACEUTICA, N.V., JANSSEN PHARMACEUTICALS, INC., JANSSEN RESEARCH & DEVELOPMENT, LLC, ORTHO-MCNEIL, AND JOHNSON & JOHNSON'S MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO RELATOR'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**<br><br>Date: April 9, 2018<br>Time: 9:00 a.m.<br>Place: Courtroom 850<br><br>Honorable R. Gary Klausner<br><br>[Filed concurrently with: Motion for Judicial Notice and Declaration of Erin Colleran] |

**JANSSEN PHARMACEUTICAL N.V., JANSSEN PHARMACEUTICALS, INC., and JANSSEN RESEARCH & DEVELOPMENT, LLC, JOHNSON & JOHNSON, and ORTHO-MCNEIL,**

Defendants.

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO RELATOR'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

# **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ................................................................................................ 1

II. THIS COURT NO LONGER HAS JURISDICTION TO CONSIDER COUNTS I-VI BECAUSE OF THE FCA'S FIRST-TO-FILE BAR .............. 1

III. THERE IS NO JUSTIFICATION TO PROCEED ANONYMOUSLY ......... 3

IV. RELATOR FAILS TO ADEQUATELY PLEAD AN FCA CLAIM ............. 4

    A. Relator's Improper Promotion Allegations Do Not Meet Rule 9(b) ..... 4

    B. Relator Has Failed to Plead Materiality .................................................. 5

    C. Relator Has Failed to Plead Causation .................................................... 7

    D. Relator's Kickback Allegations Fail to Satisfy Rule 9(b) ...................... 7

V. ADDITIONAL REASONS FOR DISMISSAL ................................................. 8

    A. Relator's Claims Before September 2010 Are Barred ........................... 8

    B. Relator's Claims Are Based On Publicly Disclosed Information ......... 9

VI. RELATOR'S STATE LAW CLAIMS SHOULD BE DISMISSED ............. 10

VII. RELATOR'S WAIVER ARGUMENT IS INCORRECT ............................. 10

VIII. CONCLUSION ................................................................................................. 10

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Abrahim & Sons Enters. v. Equilon Enters.*,
   292 F.3d 958 (9th Cir. 2002) ................................................................................ 1

*City of Chicago v. Purdue Pharma L.P.*,
   No. 14 C 4361, 2015 U.S. Dist. LEXIS 60587 (N.D. Ill. May 8,
   2015) ..................................................................................................................... 9

*Doe v. UNUM Life Ins. Co. of Am.*,
   164 F. Supp. 3d 1140 (N.D. Cal. 2016) ................................................................ 4

*Grant v. Aurora Loan Servs.*,
   736 F. Supp. 2d 1257 (C.D. Cal. 2010) ................................................................ 1

*Swartz v. KPMG LLP*,
   476 F.3d 756 (9th Cir. 2007) ................................................................................ 4

*United States. ex. rel. Aflatooni v. Kitsap Physicians Serv.*,
   314 F.3d 995 (9th Cir. 2002) ............................................................................ 5, 7

*United States ex rel. Brown v. Celgene*,
   226 F. Supp. 3d 1032 (C.D. Cal. 2016) ............................................................ 7, 8

*United States ex. rel. Campie v. Gilead Scis.*,
   862 F.3d 890 (9th Cir. 2017) ............................................................................ 5, 6

*United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*,
   637 F.3d 1047 (9th Cir. 2011) .............................................................................. 4

*United States ex rel. Fryberger v. Kiewit Pac. Co.*,
   41 F. Supp. 3d 796 (N.D. Cal. 2014) ............................................................... 2, 3

*United States ex rel. Hyatt v. Northrop Corp.*,
   91 F.3d 1211 (9th Cir. 1996) ................................................................................ 8

*United States ex rel. Little v. Triumph Gear Sys.*,
   870 F.3d 1242 (10th Cir. 2017) ........................................................................ 2, 3

*United States ex. rel. Lujan v. Hughes Aircraft Co.*,
   243 F.3d 1181 (9th Cir. 2001) .......................................................................... 1, 3

*United States ex rel. Modglin v. DJO Global, Inc.*,
   114 F. Supp. 3d 993 (C.D. Cal. 2015) .................................................................. 4, 5

*United States ex rel. Saaf v. Lehman Bros.*,
   123 F.3d 1307 (9th Cir. 1997) ..................................................................................... 9

*United States ex rel. Schulmann v. Aztra Zeneca Pharms.*,
   769 F.3d 837 (3d Cir. 2014) ....................................................................................... 10

*United States ex rel. Solis v. Millennium Pharms.*, Inc.,
   No. 15-16953, 2018 U.S. App. LEXIS 6409, (9th Cir. March 15,
   2018) ............................................................................................................................... 9

*United States v. CSL Behring, LLC*,
   855 F.3d 935 (8th Cir. 2017) ....................................................................................... 9

*United States v. Medtronic, Inc.*,
   No. LA CV15-01212, 2017 U.S. Dist. LEXIS 153887 (C.D. Cal.
   Sept. 11, 2017) ......................................................................................................... 7, 8

*Universal Health Servs. v. United States ex. rel. Escobar*,
   136 S. Ct. 1989 (2016) .............................................................................................. 5, 6

**STATUTES**

The False Claims Act, 31 U.S.C. 3730, *et seq.* ................................................... *passim*

**OTHER AUTHORITIES**

Fed. R. Civ. P. 9(b) ........................................................................................... 1, 4, 7, 8

Fed. R. Civ. P. 12(h)(3) ........................................................................................... 10

-iii-
TABLE OF AUTHORITIES

*United States ex rel. Modglin v. DJO Global, Inc.*,
  114 F. Supp. 3d 993 (C.D. Cal. 2015) .................................................................. 4, 5

*United States ex rel. Saaf v. Lehman Bros.*,
  123 F.3d 1307 (9th Cir. 1997) ..................................................................................... 9

*United States ex rel. Schulmann v. Aztra Zeneca Pharms.*,
  769 F.3d 837 (3d Cir. 2014) ....................................................................................... 10

*United States ex rel. Solis v. Millennium Pharms.*, Inc.,
  No. 15-16953, 2018 U.S. App. LEXIS 6409, (9th Cir. March 15,
  2018) ............................................................................................................................... 9

*United States v. CSL Behring, LLC*,
  855 F.3d 935 (8th Cir. 2017) ....................................................................................... 9

*United States v. Medtronic, Inc.*,
  No. LA CV15-01212, 2017 U.S. Dist. LEXIS 153887 (C.D. Cal.
  Sept. 11, 2017) ......................................................................................................... 7, 8

*Universal Health Servs. v. United States ex. rel. Escobar*,
  136 S. Ct. 1989 (2016) .............................................................................................. 5, 6

**STATUTES**

The False Claims Act, 31 U.S.C. 3730, *et seq.* ................................................... *passim*

**OTHER AUTHORITIES**

Fed. R. Civ. P. 9(b) ........................................................................................... 1, 4, 7, 8

Fed. R. Civ. P. 12(h)(3) ........................................................................................... 10

## I. INTRODUCTION

Relator's First Amended Complaint must be dismissed because this Court no longer has subject matter jurisdiction, because Relator cannot establish a legal justification to proceed anonymously, and because Relator has not adequately pled the elements required to establish a violation of the False Claims Act ("FCA"). Relator's Opposition fails to overcome the clear jurisdictional defect in her First Amended Complaint, does not provide a basis to proceed anonymously, and does not demonstrate that her conclusory allegations meet the heightened particularity requirements of Rule 9(b).

## II. THIS COURT NO LONGER HAS JURISDICTION TO CONSIDER COUNTS I-VI BECAUSE OF THE FCA'S FIRST-TO-FILE BAR

Relator's substitution of Jane Doe in the First Amended Complaint for Alexander Volkhoff, LLC deprived this Court of subject matter jurisdiction because it violated the "exception free" first-to-file rule, 31 U.S.C. § 3730(B)(5). *See United States ex. rel. Lujan v. Hughes Aircraft Co.,* 243 F.3d 1181, 1187 (9th Cir. 2001). Relator tries to save her claims by arguing that this fatal jurisdictional flaw is merely a permissible "change in fictional name" because "the same person" filed both the original Complaint and the First Amended Complaint. (Opp'n Br. at 15). This is not so. The original Relator, Alexander Volkhoff, LLC, is not an alias but a Delaware limited liability corporation formed several weeks before the original Complaint was filed in September 2016.[1]

As a limited liability corporation, Alexander Volkhoff, LLC is not a "fictional name;" it is an independent entity with a legal identity separate from Jane Doe, a natural person attempting to proceed anonymously. *Cf. Abrahim & Sons Enters. v. Equilon Enters.,* 292 F.3d 958, 962 (9th Cir. 2002) ("LLCs are distinct

---

[1] *See* Entity details regarding Alexander Volkhoff, LLC obtained from the Delaware Secretary of State (attached as Exhibit 1 to the Declaration of Erin Colleran), of and about which this Court may take judicial notice, *see Grant v. Aurora Loan Servs.,* 736 F. Supp. 2d 1257, 1265 (C.D. Cal. 2010).

legal entities, separate from their stockholders or members."). As such, the substitution of Relator Jane Doe, an anonymous natural person, for Relator Alexander Volkhoff LLC, an entirely separate legal entity, deprives this Court of jurisdiction because Jane Doe impermissibly intervened as the "second to file" in this case. *United States ex rel. Little v. Triumph Gear Sys.*, 870 F.3d 1242, 1251-52 (10th Cir. 2017) (reversing the district court and holding that substitution of the original *qui tam* relator with new relators required the court to dismiss the FCA claims with prejudice).

Relator cannot rely on an unsupported "unity of identity" theory to distinguish the facts in this case from the similar situation in *Little*. As Relator admits in her Opposition, she substituted an anonymous natural person for the original LLC because she realized that an LLC could not bring an employment retaliation claim, as she seeks to do in Count VII of the First Amended Complaint. (Opp'n Br. at 15). A brief review of the procedural posture of this case shows how Relator would like to, but cannot, "have it both ways" as Jane Doe and Alexander Volkhoff LLC.

The original Complaint in this matter identified Alexander Volkhoff, LLC, a Delaware LLC, as the sole Relator. (Dkt. 1). Alexander Volkhoff, LLC remained the sole Relator in this case when Defendants filed their Motions to Dismiss the Complaint in January 2018. (Dkts. 1, 14-19, 21). Defendants' Motions to Dismiss challenged the ability of Relator to bring her employment retaliation claims. (Dkts. 25-1, 26-1). Based on *United States ex rel. Fryberger v. Kiewit Pac. Co.*, 41 F. Supp. 3d 796 (N.D. Cal. 2014)—a case published more than two years before Relator's original Complaint was filed—Alexander Volkhoff, LLC did not have standing to bring FCA retaliation claims under 31 U.S.C. § 3730(h) because only natural persons could bring such claims. (Dkt. 26-1, at 2-3).

After Defendants filed their original Motions to Dismiss, Relator gave notice of her intent to file an amended complaint rather than an opposition. (Dkt. 36). In

her First Amended Complaint, Relator removed all mention of Alexander Volkhoff, LLC, including from the case caption, which was restyled to identify Jane Doe, an anonymous natural person, as the sole relator. (Dkt. 38).  Given that the new Relator was a natural person with standing to pursue an FCA retaliation claim, the *Fryberger* argument no longer applied. (Dkt. 40-1).  But, in response to the First Amended Complaint, Defendants raised the fatal jurisdictional defect of Relator's FCA claims, which was created when the relators substituted an anonymous person for an LLC.  As explained by the Ninth Circuit in *Lujan* and the Tenth Circuit in *Little* (which considered a similar attempt to substitute the relator), the substitution of Relator violated the FCA's "first-to-file" bar, 31 U.S.C. § 3730(b)(5), and amendment cannot cure this defect.

Now, Relator has changed tactics yet again.  Although she did not file a Second Amended Complaint nor seek leave to do so, her Opposition renames Alexander Volkhoff, LLC as the sole relator in the case caption. (Dkt. 42).  Jane Doe is nowhere to be found.  As discussed above, rather than explain how the jurisdictional defect created by this continued substitution of the named Relator is not fatal to her claims, Relator's Opposition merely sets forth unsupported arguments that there is a "unity of identity" between the two Relators.  But, the law is clear.  Relator cannot substitute an anonymous person in place of an LLC to overcome clear legal challenges to her claim and then assert that such substitution is irrelevant because "the same person" filed both complaints.  By substituting a natural person for a legal entity, Relator attempted to salvage her claim for retaliation under 31 U.S.C. § 3730(h).  But, the legal effect of this substitution is that this Court no longer has jurisdiction to consider the FCA claims because of the FCA's first-to-file bar.

**III.   THERE IS NO JUSTIFICATION TO PROCEED ANONYMOUSLY**

Relator's Opposition ***does not even address*** Defendants' separate argument that all of Relator's claims in the First Amended Complaint should be dismissed

-3-

because Relator Jane Doe has not made—and cannot make—any showing as to why she should be allowed to proceed anonymously. (Dkt. 40-1, at 17-18); *see, e.g.*, *Doe v. UNUM Life Ins. Co. of Am.*, 164 F. Supp. 3d 1140, 1147 (N.D. Cal. 2016) (denying request to proceed anonymously and granting motion to dismiss with leave to amend). Given Relator's lack of response to this argument and continued failure to offer any legally justifiable reason to proceed anonymously, all of Relator's claims should be dismissed.

## IV.   RELATOR FAILS TO ADEQUATELY PLEAD AN FCA CLAIM[2]

### A.   Relator's Improper Promotion Allegations Do Not Meet Rule 9(b)

Even if this Court had jurisdiction to review Relator's allegations of improper promotion, her Opposition fails to show how her conclusory allegations meet the heightened particularly requirements of Rule 9(b). Relator consistently misapplies the relevant standard, which requires specific facts connecting Relators' allegations of false or misleading promotion to actual false claims submitted to the Government for reimbursement. *See United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (a relator must plead facts establishing the "'who, what, when, where, and how of the misconduct charged,' as well as 'what is false or misleading about [the purportedly fraudulent] statement, and why it is false.'") (internal quotations omitted); *United States ex rel. Modglin v. DJO Global, Inc.,* 114 F. Supp. 3d 993, 1011 (C.D. Cal. 2015) ("Conclusory allegations are insufficient, and the facts constituting the fraud must be alleged with specificity.").

In the 274 paragraphs of allegations in the First Amended Complaint, Relator has failed to plead any sufficiently specific facts establishing that Defendants

---

[2] Relator failed to respond to Defendant Johnson & Johnson's argument that her allegations against Johnson & Johnson must be dismissed because Rule 9(b) "requires plaintiffs to differentiate their allegations when suing more than one defendant," *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007), and Relator has not done so. As such, Relator's claims against Johnson & Johnson should be dismissed.

-4-

engaged in even a single incident of improper marketing, much less a widespread practice. Further, every single allegation requires an unsubstantiated leap to the conclusion that the alleged scheme caused a physician to write a prescription that was submitted for Government reimbursement. Rather than asserting relevant legal arguments and identifying the legally sufficient allegations that support an FCA illegal marketing scheme, Relator's Opposition merely re-packages her vague insinuations of non-specific wrongdoing from her First Amended Complaint.

The FCA is not a set of regulations governing the marketing and sale of pharmaceuticals. Rather, it makes liable anyone who "knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval" to the Government. *U.S. ex. rel. Campie v. Gilead Scis.*, 862 F.3d 890, 898 (9th Cir. 2017). A proper relator must plead facts that, if true, establish "an actual false claim for payment being made to the Government" or, according to the Ninth Circuit, the "sine qua non of receipt of state funding." *U.S. ex. rel. Aflatooni v. Kitsap Physicians Serv.*, 314 F.3d 995, 1002 (9th Cir. 2002)*; see also Modglin*, 114 F. Supp. 3d at 1010 ("The FCA attaches liability, not to the underlying fraudulent activity or to the government's wrongful payment, but to the 'claim for payment.'") (internal citations omitted). Relator has failed to identify a single, particular individual who delivered a specific, off-label message to a specific physician and does not connect her independent allegations of off-label promotion to any particular prescriptions or submissions to the Government for reimbursement. As such, Relator's hundreds of allegations focused on vague alleged "off-label" promotion fall far short of providing the detail required to plead an FCA claim with particularity.

### B.     Relator Has Failed to Plead Materiality

Relator is correct that in *Universal Health Servs. v. United States ex. rel. Escobar*, 136 S. Ct. 1989 (2016), the Supreme Court made clear that to succeed in a claim alleging improper promotion of pharmaceutical products, a relator must

-5-

establish that the conduct at issue would have been material to the Government's decision to pay claims. *Id.* at 2003. Relator misstates, however, that *Escobar* provided no guidance on what the lower courts should consider with respect to materiality.[3] As the Ninth Circuit recognized in *Gilead*, the Court's opinion in *Escobar* placed particular emphasis on factual allegations tending to suggest how the Government would have responded if it had known about the alleged fraud.

Relator's Opposition misinterprets and misapplies the Ninth Circuit's holding in *Gilead*. In particular, Relator argues that her unattributed, conclusory assertion "that the United States would not have paid claims had it known about the alleged conduct" is sufficient to meet the standard articulated in *Gilead*, (Opp'n Br. at 4), even though such allegations are exactly the sort of bald recitations of the legal standard rejected by both *Gilead* and *Escobar*. *See Gilead,* 862 F.3d at 905-06 (the "demanding" materiality standard "turns on a number of factors" including evidence of the Government's decision to pay claims and the Government's decision to expressly identify a provision of a condition of payment.") (citing *Escobar*). In *Gilead*, the Ninth Circuit carefully reviewed conflicting facts suggestive of the Government's intent, such as actual warning letters that FDA had issued to defendants. *Id.* at 906. Here, Relator has not pled any facts whatsoever suggesting that the Government would consider the allegations of improper promotion in the First Amended Complaint material to its decision to pay for physicians' prescriptions. Rather, she asserts only her own opinion as to the Government's state of mind. This is not a sufficient allegation of materiality.

---

[3] In her Opposition, Relator appears to conflate the causation and materiality standards set forth in *Escobar* in her statement that Defendants "materially caused health care providers to submit false claims." (Opp'n Br. at 12). The standard articulated in *Escobar* is that Relator must allege facts sufficient to support a plausible inference that any alleged false statements were material to the Government's decision to pay claims—not that they "materially caused health care providers to submit false claims."

### C. Relator Has Failed to Plead Causation

Rather than showing how she properly pled causation, Relator's Opposition focuses on her general allegations that Defendants sought to influence prescribing behavior by improperly promoting and then tracking prescribing habits and "return on investment" of educational programs. But, such general allegations are not enough. To properly plead causation, a relator must allege sufficiently detailed facts establishing that specific promotional activities caused specific doctors to write off-label prescriptions. *See United States ex rel. Brown v. Celgene,* 226 F. Supp. 3d 1032, 1041 (C.D. Cal. 2016) (specific allegations that physicians who received more promotional contacts prescribed at a higher rate than those who received fewer contacts and that claims for off-label prescriptions were presented to the Government in the hundreds of thousands following promotional activities are sufficient to satisfy the causation element of the FCA).

Relator relies on the assumption that "a direct, natural, foreseeable consequence" of Janssen's marketing is off-label prescriptions and "it is similarly natural and foreseeable that, after prescribing the drugs as marketed, providers then seek reimbursement from the government, as they always do when patients are insured by public health insurance programs." (Opp'n Br. at 13). Relator's speculation and failure to allege any connection between Janssen's promotional activities and prescriptions for off-label use submitted to the Government for reimbursement does not satisfy the standard articulated in *Celgene*. *See Kitsap Physicians Serv.*, 314 F.3d at 1002-03 (while Relator does not need to identify one specific false claim, "sufficiently detailed circumstantial evidence" of an actual false claim allegedly caused by the defendant's conduct is required).

### D. Relator's Kickback Allegations Fail to Satisfy Rule 9(b)

In her Opposition, Relator fails to address how her kickback allegations are any different than those recently dismissed in *United States v. Medtronic, Inc.*, No. LA CV15-01212 JAK (ASx), 2017 U.S. Dist. LEXIS 153887 (C.D. Cal. Sept. 11,

-7-

2017) (dismissing kickback-related allegations because a relator's generic allegations failed to allege a "link" between the purported inducements and a false claim for payment). Given the similarities between the two cases and that the *Medtronic* relator is represented by Relator's counsel in this matter, it is telling that Relator does not even cite *Medtronic*, let alone explain how her allegations can be distinguished from those the court found to be conclusory and insufficient to meet the pleading requirements of Rule 9(b).

Relator's kickback argument appears to rest on a misunderstanding of the case law regarding physician speaker and promotional programs because, contrary to Relator's suggestion, there is no legal presumption that such programs are "a sham." As recognized in *Celgene*, physician speaker programs are a common and legitimate practice in the pharmaceutical industry, and the burden remains on Relator to demonstrate that improper payments induced physicians' prescriptions. 226 F. Supp. 3d at 1032. In fact, though Relator continues to insist that Janssen's payment of physician speakers fees "ranging from $1,000 to $3,000" is evidence of an illegal "kickback," the *Celgene* court explicitly rejected evidence that physician speakers were paid up to $3,000 per hour for speaking events as even suggestive of a sham program. *Id.* at 1054. Relator's general allegations that Janssen provided "lavish" meals and entertainment and hosted unnecessary educational programs are conclusory, and the First Amended Complaint fails to plead any connection between these supposed improper inducements and false claims for payment.

## V. ADDITIONAL REASONS FOR DISMISSAL

### A. Relator's Claims Before September 2010 Are Barred

Relator is correct that the FCA has a six-year statute of limitations and that, as such, any allegations based upon claims submitted before September 2010 are barred. *See* 31 U.S.C. § 3731(b); *see also United States ex rel. Hyatt v. Northrop Corp.*, 91 F.3d 1211, 1218 (9th Cir. 1996). Relator, however, misstates the FCA's discovery rule, which is inapplicable to her claims. The tolling provisions of the

FCA begin to run when the Relator knew or should have known about the fraudulent conduct; it is irrelevant when the Relator realized that this conduct violated a specific statute. *United States ex rel. Saaf v. Lehman Bros.*, 123 F.3d 1307, 1308 (9th Cir. 1997).

### B. Relator's Claims Are Based On Publicly Disclosed Information[4]

Despite her claims to the contrary, Relator's allegations of improper practices related to pricing spreads or average wholesale prices are clearly barred by prior public disclosure. These allegations have been published in both the press and through dozens of civil lawsuits in both state and federal court over the last decade. *See, e.g., United States v. CSL Behring, LLC*, 855 F.3d 935 (8th Cir. 2017).[5]

Further, Relator misinterprets the "original source" exception to the public disclosure bar. To qualify as an original source, a Relator must either (1) disclose the information to the government *before* it becomes public or (2) provide knowledge that is "independent" and "materially adds" to the information that already has been disclosed. *See* 31 U.S.C. 3730(e)(4). Relator does not qualify under either standard. The relevant information in the First Amended Complaint was published long before Relator filed her *qui tam* complaint in September 2016. Moreover, Relator's allegations appear to be based entirely on publicly available documents such as the First DataBank compendia and pharmacy price lists. When

---

[4] Relator's Opposition did not respond to Defendant's argument that her allegations regarding promotion of Nucynta were previously disclosed in a lawsuit filed in 2014 by the City of Chicago against several drug manufacturers, including certain of the Janssen Defendants. *See, e.g., City of Chicago v. Purdue Pharma L.P.*, No. 14 C 4361, 2015 U.S. Dist. LEXIS 60587 (N.D. Ill. May 8, 2015). As such, any claims based on allegations about Nucynta should be dismissed.

[5] Relator suggests *U.S. ex rel. Solis v. Millennium Pharms., Inc.*, No. 15-16953, 2018 U.S. App. LEXIS 6409 (9th Cir. March 15, 2018), which was issued after Defendants filed the pending motion to dismiss, undermines Defendants' position on the public disclosure bar. To the contrary, the Ninth Circuit's recent ruling does not disturb the single well-settled legal proposition for which it was cited in Defendants' opening briefs, which is that disclosure by way of a federal civil lawsuit is a "public disclosure" for purposes of the FCA public disclosure analysis. *See, e.g., CSL Behring*, 855 F.3d at 948.

faced with similar FCA allegations by employees of pharmacies and pharmacists based on public documents, courts have concluded that the relators do not qualify as an original source, even where relators' analysis of these documents has been extensive. *See e.g., United States ex rel. Schulmann v. Aztra Zeneca Pharms.*, 769 F.3d 837, 847-48 (3d Cir. 2014) (rejecting pharmacy executive's pricing spread allegations because he did not qualify as an original source).

## VI. RELATOR'S STATE LAW CLAIMS SHOULD BE DISMISSED

For the same reasons explained in Defendants' opening briefs, the Relator's state law claims also should be dismissed for lack of jurisdiction and/or failure to state a claim.

## VII. RELATOR'S WAIVER ARGUMENT IS INCORRECT

Relator's assertion that Johnson & Johnson waived its argument that this Court lacks jurisdiction to consider Relator's FCA claims is plainly incorrect and unsupported by the cited case law. Even so, any argument about waiver is irrelevant because it axiomatic that a party in federal court cannot waive subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

## VIII. CONCLUSION

For all of these reasons, Defendants respectfully request that this Court dismiss all counts of Relator's First Amended Complaint.

Dated: March 26, 2018

Respectfully submitted,
PEPPER HAMILTON LLP

By: */s/ Michael A. Schwartz*
      Michael A. Schwartz

Attorney for Defendants
Janssen Pharmaceutica, N.V., Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, Ortho-McNeil, and Johnson & Johnson