**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES ex rel. ALEXANDER VOLKHOFF, LLC,<br><br>*Plaintiff-Appellant*,*<br><br>v.<br><br>JANSSEN PHARMACEUTICA N.V.; JANSSEN PHARMACEUTICALS, INC.; JANSSEN RESEARCH AND DEVELOPMENT, LLC; JOHNSON & JOHNSON; ORTHO-MCNEIL,<br><br>*Defendants-Appellees*. | No. 18-55643<br><br>D.C. No.<br>2:16-cv-06997-RGK-RAO<br><br>OPINION |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted November 14, 2019
Pasadena, California

Filed January 2, 2020

---

\* The caption's reference to Alexander Volkhoff, LLC as "Plaintiff-Appellant" reflects the appeal-initiating documents. As we explain herein, Alexander Volkhoff, LLC is neither a plaintiff in this action nor a proper appellant of the district court order at issue on appeal.

Before:  FERDINAND F. FERNANDEZ, MILAN D.
SMITH, JR., and ERIC D. MILLER, Circuit Judges.

Opinion by Judge Milan D. Smith, Jr.

---

## SUMMARY[**]

---

### Quit Tam / Appellate Jurisdiction

The panel dismissed for lack of jurisdiction Alexander Volkhoff, LLC's appeal from the dismissal of a first amended qui tam complaint filed by relator Jane Doe pursuant to the False Claims Act and state false claims laws.

The panel held that this court lacks jurisdiction to hear nonparty Volkhoff's appeal, where Volkhoff, which substituted itself out when Jane Doe filed the first amended complaint, chose not to participate in the district court proceedings; and where Volkhoff failed to show that the equities favor hearing its appeal.

The panel rejected Volkhoff's argument that this court should infer from the notice of appeal that Jane Doe – a party in the district court proceedings – intended to appeal.  The panel wrote that it is not clear from the notice, as required by Fed. R. App. P. 3(c), that Jane Doe intended to appeal.  The panel rejected the proposition that Volkhoff, an LLC, is interchangeable with Jane Doe, a natural person; and wrote that the record undermines Volkhoff's argument that

---

[**] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

Volkhoff's failure to name Jane Doe as an appellant was an inadvertent omission.

## COUNSEL

C. Brooks Cutter (argued) and John R. Parker, Jr., Cutter Law P.C., Sacramento, California; Audra Ibarra, Law Office of Audra Ibarra, Palo Alto, California; Mychal Wilson, Law Offices of Mychal Wilson, Santa Monica, California; for Plaintiff-Appellant.

Michael A. Schwartz (argued) and Erin Colleran, Pepper Hamilton LLP, Philadelphia, Pennsylvania; Jeffrey M. Goldman, Pepper Hamilton LLP, Los Angeles, California; for Defendants-Appellees.

## OPINION

M. SMITH, Circuit Judge:

Alexander Volkhoff, LLC (Volkhoff) appeals the district court's dismissal of the qui tam complaint filed by relator Jane Doe pursuant to the False Claims Act (FCA), 31 U.S.C. §§ 3729–3733, and analogous state false claims laws.[1] However, Volkhoff was not a party to Jane Doe's complaint. Moreover, it is not clear from Volkhoff's notice of appeal (Notice), as required by Federal Rule of Appellate Procedure

---

[1] In a qui tam action brought pursuant to the FCA, a private plaintiff, referred to as a "relator," initiates a suit on behalf of the government for alleged fraud. *See* 31 U.S.C. § 3730; *United States ex rel. Eisenstein v. City of New York*, 556 U.S. 928, 932 (2009). Herein, we use "relator," except where necessary to indicate that the parties used (or did not use) the term "plaintiff."

3(c), that Jane Doe also sought to take an appeal.  Because Volkhoff is a nonparty that cannot appeal, and Jane Doe was not properly named as an appellant, we dismiss this appeal for lack of appellate jurisdiction.

## FACTUAL AND PROCEDURAL BACKGROUND

On September 16, 2016, shortly after its incorporation as a Delaware limited liability company, Volkhoff filed a qui tam complaint (the Original Complaint) in federal district court.  The Original Complaint named Volkhoff as the relator and alleged violations of the FCA and various states' false claims laws by Defendants Janssen Pharmaceutica N.V., Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, Johnson & Johnson, and Ortho-McNeil (Defendants).  In particular, the Original Complaint alleged that Defendants fraudulently and unlawfully marketed their medications.  Neither the United States nor any state elected to intervene, allowing Volkhoff to proceed with the Original Complaint.[2]

Following Defendants' motion to dismiss the Original Complaint, Volkhoff did not oppose the motion.  Instead, Volkhoff's counsel filed a First Amended Complaint (FAC). The FAC alleged the same claims as those Volkhoff alleged in the Original Complaint.  The FAC, however, removed

---

[2] FCA suits are subject to certain procedural requirements, including the government's sole right to intervene, generally within 60 days of the suit's filing.  *See* 31 U.S.C. § 3730; *Eisenstein*, 556 U.S. at 932.  Like the FCA, the state false claims laws invoked by the Original Complaint provide their respective state governments with an opportunity to intervene.  *See, e.g.*, Cal. Gov't Code §§ 12650–12656; Colo. Rev. Stat. §§ 25.5-4-303.5–25.5-4-310.  Because we dismiss this appeal for lack of appellate jurisdiction, we do not reach any other procedural issues relating to qui tam suits that are raised on appeal.

Volkhoff as the relator and named Jane Doe, an anonymous natural person, as the only relator.

The FAC did not mention Volkhoff or its relationship to Jane Doe.  In filings before the district court and our court, Jane Doe and Volkhoff acknowledge that the replacement of Volkhoff by Jane Doe was a tactical decision aimed at avoiding the dismissal of the Original Complaint's FCA employment retaliation claim.  The name change responded to Defendants' first motion to dismiss, which argued that Volkhoff, as a limited liability company, lacked standing to assert an FCA retaliation claim.

Defendants moved to dismiss Jane Doe's FAC.  The district court dismissed the FAC on April 19, 2018.  In relevant part, the district court dismissed Jane Doe's FCA claims for lack of subject matter jurisdiction based on the so-called "first-to-file bar," which prevents private third parties from intervening in or filing similar FCA qui tam lawsuits after an initial relator has filed one.  *See* 31 U.S.C. 3730(b)(5); *United States ex rel. Lujan v. Hughes Aircraft Co.*, 243 F.3d 1181, 1187 (9th Cir. 2001).  In concluding that the first-to-file bar applied, the district court found that Jane Doe was not a party to the Original Complaint that Volkhoff had filed, and that she and Volkhoff were distinct legal persons.  The district court dismissed Jane Doe's FCA employment retaliation claim because she failed to demonstrate a need for proceeding anonymously.  Finally, the court declined to exercise supplemental jurisdiction over Jane Doe's remaining state law claims and dismissed those claims without prejudice.

Within thirty days of the dismissal, Volkhoff filed a Notice challenging the district court's order.  Fed. R. App. P. 4.  The Notice names Volkhoff as the sole relator and plaintiff.  It does not mention Jane Doe, nor refer to any other

6    U.S. EX REL. VOLKHOFF V. JANSSEN PHARMACEUTICA

relator, plaintiff, or appellant.  The "Representation Statement" filed concurrently with the Notice, and subsequent papers filed with this court, designate Volkhoff variously as the only relator, plaintiff, or appellant.  On appeal, Volkhoff contends that Jane Doe is Volkhoff's sole owner.

## JURISDICTION AND STANDARD OF REVIEW

Generally, we have jurisdiction over appeals "from all final decisions of the district courts of the United States," 28 U.S.C. § 1291, such as the district court's final decision dismissing Jane Doe's FAC.

However, whether a nonparty has the ability to appeal is a jurisdictional question, *see Cal. Dep't of Toxic Substances Control v. Com. Realty Projects, Inc.*, 309 F.3d 1113, 1121 (9th Cir. 2002), and a failure to comply with the filing and content requirements of the Federal Rules of Appellate Procedure may "present a jurisdictional bar to appeal." *Le v. Astrue*, 558 F.3d 1019, 1021, 1024 (9th Cir. 2009).  As a result, our inquiry into whether this appeal is proper is jurisdictional.  "We have jurisdiction to determine our own jurisdiction." *Havensight Capital LLC v. Nike, Inc.*, 891 F.3d 1167, 1171 (9th Cir. 2018) (quoting *Agonafer v. Sessions*, 859 F.3d 1198, 1202 (9th Cir. 2017)).  We review whether we have appellate jurisdiction de novo.  *Le*, 558 F.3d at 1021 (citing *Perez-Martin v. Ashcroft*, 394 F.3d 752, 756 (9th Cir. 2005)).

## ANALYSIS

Volkhoff argues both that it and Jane Doe appealed the district court's dismissal, and that, under either circumstance, the appeal is proper.  However, Volkhoff and Jane Doe each face distinct jurisdictional problems that

foreclose this appeal.  First, Volkhoff's appeal violates the general rule that only parties to a lawsuit may appeal it. Second, because Volkhoff's Notice does not name Jane Doe or otherwise refer to her, Jane Doe's purported appeal does not conform to Federal Rule of Appellate Procedure 3(c). We discuss each jurisdictional defect in turn.

## I.     Volkhoff's Nonparty Appeal

Volkhoff claims that it may appeal the dismissal of Jane Doe's FAC even though it was not a party to her lawsuit. "The rule that only parties to a lawsuit, or those that properly become parties, may appeal an adverse judgment, is well settled."  *Marino v. Ortiz*, 484 U.S. 301, 304 (1988) (per curiam) (citing *United States ex rel. Louisiana v. Jack*, 244 U.S. 397, 402 (1917); Fed. R. App. P. 3(c)).  This rule echoes the requirements of standing. *See Raley v. Hyundai Motor Co., Ltd.*, 642 F.3d 1271, 1274 (10th Cir. 2011) ("After all, it is usually only *parties* who are sufficiently aggrieved by a district court's decision that they possess Article III and prudential standing to be able to pursue an appeal of it." (emphasis added) (citations omitted)).   But while the rule is sometimes described as "standing to appeal," it is distinct from the requirements of constitutional standing.  *See United States v. Kovall*, 857 F.3d 1060, 1068–69 (9th Cir. 2017); *In re Proceedings Before Fed. Grand Jury*, 643 F.2d 641, 642–643, 642 n.1 (9th Cir. 1981).

As required by this rule, we hear nonparties' appeals only in "exceptional circumstances."  *S. Cal. Edison Co. v. Lynch*, 307 F.3d 794, 804 (9th Cir. 2002) (quoting *Citibank Int'l v. Collier-Traino, Inc.*, 809 F.2d 1438, 1441 (9th Cir. 1987)).  "We have allowed such an appeal only when (1) the appellant, though not a party, participated in the district court proceedings, and (2) the equities of the case weigh in favor of hearing the appeal."  *Hilao v. Estate of Marcos*, 393 F.3d

987, 992 (9th Cir. 2004) (citation and internal quotation marks omitted); *see also United States v. Badger*, 930 F.2d 754, 756 (9th Cir. 1991).

The cases in which we have applied this test illustrate the level and nature of participation in the district court proceedings that is required for a nonparty to be permitted to appeal.  We have allowed nonparties to appeal when they were significantly involved in the district court proceedings—often because they were compelled to participate by one of the parties or the court.  *Commodity Futures Trading Comm'n v. Topworth Int'l, Ltd.*, 205 F.3d 1107, 1113–14 (9th Cir. 1999), *as amended* (9th Cir. 2000) (nonparty "participated in the proceedings below to the full extent possible" and "participated for several years, rather than coming in at the end of the proceedings" (citation omitted)); *Keith v. Volpe*, 118 F.3d 1386, 1389–91 (9th Cir. 1997) (after objecting, nonparty responded to order to show cause filed by party, filed memorandum of points and authorities at court's request, and participated in oral argument); *S.E.C. v. Wencke*, 783 F.2d 829, 834–35 (9th Cir. 1986) (nonparty appeared in the district court to contest the same issues it was asserting on appeal, the district court accepted nonparty's briefs, and it allowed him to cross-examine witnesses).  This requirement is in accordance with the Supreme Court's admonition in *Marino* that "the better practice is for . . . a nonparty to seek intervention for purposes of appeal."  484 U.S. at 304; *see also* Fed. R. Civ. P. 24.

In contrast, we have denied nonparties the right to appeal when they choose not to meaningfully involve themselves in the district court proceedings.  In *Citibank*, we dismissed a nonparty's appeal from a judgment when the nonparty "was well-apprised of the proceedings" but "chose not to

intervene, join or make an appearance to contest jurisdiction [in district court], even though it had actual knowledge of the proceedings and their substance." 809 F.2d at 1441; *see also Washoe Tribe v. Greenley*, 674 F.2d 816, 818–19 (9th Cir. 1982) (concluding that nonparty state could not appeal where, by deciding not to intervene in the district court, it avoided waiving its immunity).

We conclude that Volkhoff's participation in the district court proceedings cannot serve as the basis for a right to appeal. Its activity in the case all but ceased with the filing of the FAC. The substitution of Jane Doe in place of Volkhoff was a strategic choice. *See Citibank*, 809 F.2d at 1441. Although Volkhoff, in what appears to be a scrivener's error, was listed as the only relator in the opposition to Defendants' motion to dismiss the FAC, the district court's order dismissing the FAC explicitly noted that Volkhoff had been substituted out of the lawsuit by Jane Doe. Moreover, the district court's application of the first-to-file bar to dismiss the FAC was premised upon on its finding that Volkhoff, the initial sole relator, had been completely replaced by Jane Doe, the second sole relator. Like the nonparty in *Citibank*, Volkhoff "chose not to participate" in the district court proceedings and instead substituted itself out when Jane Doe filed the FAC. *Id*.

We also find that Volkhoff fails to show that the equities favor hearing its appeal. The equities will support a nonparty's appeal "when a party has haled the non-party into the proceeding against his will, and then has attempted to thwart the nonparty's right to appeal by arguing that he lacks standing or when judgment has been entered against the nonparty." *Hilao*, 393 F.3d at 992 (citations and internal quotation marks omitted); *see also Commodity Futures Trading Comm'n*, 205 F.3d at 1114 n.1 (nonparty was

"brought into the proceedings by the Receiver's notice indicating that [nonparty] would forfeit his right to recover anything . . . unless he filed a claim, and by the later schedule requiring him to file a written objection or waive it"); *Keith*, 118 F.3d at 1391; *Badger*, 930 F.2d at 756.

Here, Volkhoff was not haled into court by one of the parties or the court. Instead, its participation ceased after it made the tactical decision to substitute Jane Doe for itself. *See Washoe*, 674 F.2d at 818–819 (concluding that equities did not favor appeal of party that avoided appearing in district court). Moreover, the district court's judgment is against Jane Doe, not Volkhoff. At most, Volkhoff concludes, with little support, that its appeal is not *inequitable* to Defendants, which does not meet its burden as a nonparty appellant to demonstrate that the equities are in its favor. *See S. Cal. Edison Co.*, 307 F.3d at 804.[3] Thus, we conclude that we lack jurisdiction to hear nonparty Volkhoff's appeal of the district court's dismissal of Jane Doe's FAC.

## II.   Jane Doe's Purported Appeal

Alternatively, Volkhoff argues that we should infer from the Notice that Jane Doe, a party in the district court proceedings, intended to appeal. Federal Rule of Appellate

---

[3] Volkhoff briefly raises the possibility that Defendants might later argue, in a subsequent lawsuit, that the district court's dismissal of Jane Doe's FAC has a preclusive effect against Volkhoff. The cases that Volkhoff relies on to argue that this consideration should affect our analysis are inapposite. *American Games, Inc. v. Trade Products, Inc.* concerned an intervenor. 142 F.3d 1164, 1166 (9th Cir. 1998). *Wencke*, described above, involved a nonparty that was extensively involved at the district court. 783 F.2d 829, 834–835. Furthermore, we do not see how the possibility of future legal arguments regarding issue or claim preclusion tips the balance of equities in Volkhoff's favor.

Procedure 3(c) governs the required contents of a notice of appeal. *Smith v. Barry*, 502 U.S. 244, 247–48 (1992).  Rule 3(c) requires that the notice "specify the party or parties taking the appeal by naming each one in the caption or body of the notice, but an attorney representing more than one party may describe those parties with such terms as 'all plaintiffs,' 'the defendants,' 'the plaintiffs A, B, et al.,' or 'all defendants except X.'"  Fed. R. App. P. 3(c)(1)(A).

Rule 3(c), however, instructs us not to dismiss an appeal "for failure to name a party whose intent to appeal is otherwise clear from the notice [of appeal]."  Fed. R. App. P. 3(c)(4).  The Advisory Committee Note to the 1993 amendment to Rule 3(c) makes clear that its current version aims "to prevent the loss of a right to appeal through inadvertent omission[s]" of party names on the notice of appeal, but also that it still requires that it be "objectively clear that a party intended to appeal."

In interpreting Rule 3(c), the Supreme Court has instructed that "[a]lthough courts should construe Rule 3 liberally when determining whether it has been complied with, noncompliance is fatal to an appeal."  *Le*, 558 F.3d at 1022 (quoting *Smith*, 502 U.S. at 248) (brackets in original).  In particular, we interpret Rule 3(c)(1)(A)'s appellant-naming requirements strictly, following the Supreme Court's decision in *Torres v. Oakland Scavenger Co.*, 487 U.S. 312 (1988), *superseded by statute as recognized in Retail Flooring Dealers of America, Inc. v. Beaulieu of America, LLC*, 339 F.3d 1146, 1148 (9th Cir. 2003).

In *Torres*, the Court dismissed an appeal pursuant to Rule 3(c) because the appellant was not named in the notice of appeal.  *Torres*, 487 U.S. at 314–18.  Although the 1993 amendments to Rule 3(c) responded to *Torres* by allowing

appellants more flexibility in meeting its requirements, *Retail Flooring*, 339 F.3d at 1148, *Torres* nevertheless continues to guide our interpretation of Rule 3(c).   *Le*, 558 F.3d at 1022 ("[T]he 'failure to name a party in a notice of appeal is more than excusable "informality,"' but rather 'it constitutes a failure of that party to appeal.'" (quoting *Torres*, 487 U.S. at 314)); *Argabright v. United States*, 35 F.3d 472, 474 (9th Cir. 1994) (applying *Torres* to dismiss appeals of appellants not named or implicitly indicated through the use of "et al." or "plaintiffs" in the notice of appeal), *superseded by statute on other grounds as recognized in Hinck v. United States*, 550 U.S. 501, 504 (2007); *see also West v. United States*, 853 F.3d 520, 522–24 (9th Cir. 2017) (contrasting our court's liberal interpretation of Rule 3(c)(1)(B) with the Supreme Court's "narrow application of Rule 3(c)(1)(A)" in *Torres* (citing *Le*, 558 F.3d at 1022)).

We are not alone in relying on *Torres* to find that the failure to name an appellant in a notice of appeal can result in dismissal.   The Tenth Circuit relied on *Torres* in dismissing an appeal in a case that we find to be on point.   In *Raley*, the initial plaintiff, Misty Raley, asked the district court to substitute her for the entity BancFirst as the sole plaintiff in the case.   642 F.3d at 1273–74.   The court granted the requested substitution.   *Id.*   Defendant Hyundai prevailed at trial, but the district court's judgment erroneously identified Raley as the losing plaintiff.   *Id.* at 1274.   After Raley appealed the judgment in her name, the district court entered an amended judgment identifying only BancFirst as the losing party.   *Id.*   Raley filed another notice of appeal, again in her name, to appeal the amended judgment.   *Id.*

The Tenth Circuit, quoting *Torres* for the proposition that Rule 3(c) was part of a "jurisdictional threshold" to

appellate review, dismissed the appeal.  642 F.3d at 1274, 1276 (quoting 487 U.S. at 315).  The Tenth Circuit refused to look beyond the notice of appeal to determine whether BancFirst intended to appeal.  *Id.* at 1277.  Because the notice specified only Raley as the appellant and did not "use terms that objectively and clearly encompass[ed]" BancFirst, the court would not infer that BancFirst intended to appeal.  *Id.*  Although the court noted the apparent harshness of the result, it emphasized that "[t]hroughout most of the briefing of [the] appeal it was unclear whether BancFirst wanted to pursue an appeal," creating an unfair situation for Hyundai, which "ha[d] to write its briefs and prepare its arguments without any way of being sure who [was], and who [was] not, seeking to undo its district court victory." *Id*. at 1278.

The defects in Volkhoff's Notice are akin to those in Raley's notice of appeal.  It is not clear from the Notice that Jane Doe intended to appeal the district court's dismissal.  As already discussed, the Notice does not mention Jane Doe or her alleged ownership of Volkhoff, and instead designates Volkhoff as the only relator, plaintiff, and appellant.

Perhaps in light of this notable absence, Volkhoff urges us to view "Alexander Volkhoff, LLC" and "Jane Doe" as interchangeable.  We do not accept the proposition that an LLC is interchangeable with a natural person.  *See, e.g.*, 6 Del. Code tit. 6, §§ 18-201(b), 18-303(a); *In re Carlisle Etcetera LLC*, 114 A.3d 592, 605 (Del. Ch. 2015) (observing that the "core attributes of the LLC" include "its separate legal existence . . . and limited liability for its members" (citation omitted)).  Moreover, the alleged unity of identity between Volkhoff and Jane Doe is not clear from the Notice.

Volkhoff also argues that Rule 3(c), as amended in 1993, precludes dismissal because the Notice *mistakenly* named

14   U.S. EX REL. VOLKHOFF V. JANSSEN PHARMACEUTICA

Volkhoff as the relator.   The record undermines this
argument.   Before the district court, Jane Doe indicated that
she changed the relator's name from "Alexander Volkhoff
LLC" to "Jane Doe" to maintain the FAC's FCA
employment retaliation claim, which could only be brought
by an individual.   In its appeal, Volkhoff acknowledges that
the decision to switch relators in the FAC was tactical.   In
the shadow of this tactical choice, Volkhoff filed the Notice,
which failed to designate Jane Doe as an appellant.   That
omission has been repeated in subsequent filings since the
Notice.   We cannot accept that Volkhoff's failure to name
Jane Doe as an appellant was an "inadvertent omission" that
Rule 3(c) requires us to overlook.   Fed. R. App. P. 3(c)
advisory committee's note to 1993 amendment.

Finally, Volkhoff relies on Rule 3(c)(4), which instructs
us not to dismiss an appeal "for failure to name a party whose
intent to appeal is otherwise clear from the notice."   But Jane
Doe's intent to appeal is not clear from the Notice, nor would
it be any clearer even if we were permitted to look beyond
the Notice.   The lack of identity between Doe and Volkhoff
was the central merits problem before the district court.   The
fact that Volkhoff is not Doe, and vice versa, is precisely
why the district court dismissed Doe's FCA claim in the first
place—and even before that, why Volkhoff voluntarily
substituted itself out of the case so that Doe could pursue her
retaliation claim.   Under these circumstances, we cannot find
that Jane Doe's intent to appeal was clear when Volkhoff,
and only Volkhoff, filed a Notice.

The cases on which Volkhoff relies that invoke Rule
3(c)(4) involve attorneys who mistakenly appealed sanctions
orders in the names of their parties, when the attorneys
signed and were otherwise named in the filings.   *See
Detabali v. St. Luke's Hosp.*, 482 F.3d 1199, 1204 (9th Cir.

U.S. EX REL. VOLKHOFF V. JANSSEN PHARMACEUTICA   15

2007) (attorney "prepared, signed, and filed Detabali's notice of appeal" challenging sanctions order); *Retail Flooring*, 339 F.3d at 1149 (notice directly challenged sanctions against counsel, counsel's name appeared on the notice as the attorney, and counsel signed and filed the notice of appeal); *Aetna Life Ins. Co. v. Alla Med. Servs., Inc.*, 855 F.2d 1470, 1473 (9th Cir. 1988) (attorney listed on notice of appeal, where only appealable order was that imposing sanctions against attorney).   None of the considerations that underlie these cases' applications of Rule 3(c)(4) applies here.   Jane Doe is not serving as Volkhoff's attorney, is not otherwise mentioned on the Notice, and Volkhoff is not appealing a sanctions order against Jane Doe entered by the district court.

We are mindful of Rule 3(c)'s goal of avoiding dismissals of appeals solely due to matters of form. However, Volkhoff has failed to establish that Rule 3(c) forecloses dismissal of this appeal for lack of jurisdiction. Because Volkhoff, a nonparty, and Jane Doe, a purported appellant not named in the Notice, both fail to meet the requirements of appellate jurisdiction, we **DISMISS** this appeal.

**APPEAL DISMISSED.**